1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  VIOLET M. LEE, State Bar No. 77144
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5896
    Fax:  (415) 703-1234
8   Email:  Violet.Lee@doj.ca.gov

9  Attorneys for Respondent

10

11           IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14
   | ANGEL JESUS ALVAREZ, | C 06-05027 MJJ |
   |---|---|
   | Petitioner, | **APPLICATION FOR EXTENSION OF TIME TO FILE AN ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
   | v. | |
   | ROBERT AYERS, JR., Warden, | |
   | Respondent. | |

21       On June 22, 2007, this Court issued an order requiring respondent to show cause,

22  within 14 days of receipt of service, why a writ of habeas corpus should not be issued.  We

23  received the petition on July 3, 2007.  Our response is, therefore, due on July 17, 2007.

24       Pursuant to Civil L.R. 6-3 and Habeas L.R. 2254-6, respondent respectfully requests

25  an extension of 60 days to file a response.  See Habeas L.R. 2254-6(b).  Good cause for this

26  request is set forth in the attached declaration.

27       Petitioner's counsel, Scott L. Tedmon, agrees to a 60-day extension of time in light of

28  the numerous and complex issues raised in the petition.

1      Dated: July 10, 2007

2                        Respectfully submitted,

3                        EDMUND G. BROWN JR.
                        Attorney General of the State of California

4                        DANE R. GILLETTE
                        Chief Assistant Attorney General

5

                      GERALD A. ENGLER

6                        Senior Assistant Attorney General

                      PEGGY S. RUFFRA

7                        Supervising Deputy Attorney General

8

9                        /s/ Violet M. Lee

10

11                      VIOLET M. LEE
                      Deputy Attorney General
                      Attorneys for Respondent

12

13  20095267.wpd

14  SF2007401783

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Appl. for EOT to File an Answer to Petition for Writ of HC                     Alvarez v. Ayers, Jr.
                                                                                                                                                        C 06-05027 MJJ

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  VIOLET M. LEE, State Bar No. 77144
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5896
    Fax:  (415) 703-1234
8   Email:  Violet.Lee@doj.ca.gov

9  Attorneys for Respondent

10

11                IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14
   | **ANGEL JESUS ALVAREZ,** | C 06-05027 MJJ |
   |---|---|
   | Petitioner, | **DECLARATION OF VIOLET M. LEE IN SUPPORT OF APPLICATION FOR EXTENSION OF TIME** |
   | v. | |
   | **ROBERT AYERS, JR., Warden,** | |
   | Respondent. | |

20

21      VIOLET M. LEE states under penalty of perjury:

22      I am a Deputy Attorney General for the State of California assigned to prepare and file

23  in this case an answer to the petition for writ of habeas corpus.

24      The Court's Order to Show Cause requires us to file an answer by July 17, 2007.  We

25  have made no prior request for extension of time.

26  //

27  //

28  //

Decl. of Violet M. Lee in Support of Appl. for EOT                              Alvarez v. Ayers, Jr.
                                                                                     C 06-05027 MJJ
                                        1

Petitioner raises the following claims in his petition:

I. "Ground One: The prosecution violated *Brady* by: 1) Failing to disclose to petitioner that the alleged victim, Amanda, was infected with chlamydia until it was too late to exclude petitioner as the alleged perpetrator; 2) failing to provide to petitioner the results of the tests conducted on the blanket found in petitioner's van, and ; 3) Failing to disclose to petitioner that Ruby Rubio was under investigation for welfare fraud and was convicted of welfare fraud after the verdict but before sentencing."

II. "Ground Two: Count two must be reversed because the trial court erred in precluding petitioner from exploring if Amanda had been, 1) molested by her natural father to establish an alternative source for Amanda's chlamydia and; 2) that she had witnessed adult sexual activity thereby obtaining her sexual knowledge."

III. "Ground Three: The trial court prejudicially erred in excluding evidence of petitioner's negative penile swab culture test for chlamydia."

IV. "Ground Four: Petitioner's conviction on count two must be reversed since the jury was erroneously instructed that 'duress' includes 'hardship.'"

V. "Ground Five: The trial court's failure to instruct on the lesser included offense of non-forcible oral copulation violated petitioner's federal constitutional right to due process."

VI. "Ground Six: The trial court's answering of questions from the jury without having defense counsel or petitioner present violated petitioner's federal constitutional right to due process."

VII. "Ground Seven: Petitioner's conviction on count two must be reversed due to legal insufficiency of the evidence that petitioner committed oral copulation by means of duress."

VIII. "Ground Eight: Petitioner's concurrent terms for counts four and seven must be stayed under Penal Code § 654 and *Apprendi*."

IX. "Ground Nine: In multiple instances, trial counsel was ineffective in his representation of petitioner which served to undermine confidence in the verdict."

    1. "Defense counsel failed to investigate and present evidence of Ruby Rubio's welfare fraud."

    2. "Petitioner's trial counsel was ineffective by failing to investigate, prepare witnesses and present exculpatory evidence at trial."

    3. "Petitioner's trial counsel was ineffective by failing to investigate and present evidence that the alleged victim, Amanda, was not physically abused by petitioner, but in fact the children were well taken care of by petitioner."

    4. "Petitioner's trial counsel was ineffective by failing to present evidence that Amanda stated to Amelia Guerrero that petitioner protected her from her father."

5. "Defense counsel failed to investigate and present evidence that Rubio had a motive to falsely accuse petitioner out of fear of her paramour's jealousy over her close relationship with petitioner."

6. "Defense counsel failed to present evidence promised in opening statement that the petitioner threatened to report Rubio for her illegal activities just before Rubio reported petitioner to the police."

7. "Defense counsel failed to bring timely an Evidence Code § 782 motion."

8. "Defense counsel failed to preserve the record as to why counsel dropped questioning the complaining witness about her prior sexual activity."

9. "Petitioner's trial counsel was ineffective by failing to request an instruction on the lesser included offense of non-forcible oral copulation."

10. "Petitioner's trial counsel was ineffective by failing to object that where the Penal Code is ambiguous, the petitioner must be given the benefit of a more lenient interpretation."

X. "Ground Ten: The overall effect of the accumulation of errors set forth above resulted in a denial of petitioner's Fifth Amendment right to due process, his Sixth Amendment right to a fair trial and mandates reversal of his conviction."

(Pet. at pp. 7-32.)

In order to address the claims presented in the petition, it is necessary for me to retrieve and review the records of the state court proceedings. I have requested that our files in the state appeal be retrieved from storage but have not yet received the records. An extension of 60 days is necessary in light of the number and complexity of the issues raised in the petition.

//
//
//
//
//
//
//
//
//
//
//

1  For the reasons stated, we respectfully request that the Court grant an extension to
2  September 15, 2007, to file an answer to the petition for writ of habeas corpus.
3  Executed this 10th day of July 2007, at San Francisco, California.

/s/ Violet M. Lee
_____
VIOLET M. LEE
Deputy Attorney General

20095270.wpd
SF2007401783

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ANGEL JESUS ALVAREZ,** | C 06-05027 MJJ |
| Petitioner, | **[PROPOSED] ORDER** |
| v. | |
| **ROBERT AYERS, JR., Warden,** | |
| Respondent. | |

GOOD CAUSE appearing, it is hereby ordered that the time within which to file respondent's answer to be extended sixty (60) days to and including September 15, 2007.

Dated: _____    _____
                                         The Honorable Martin Jenkins